**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALBRUCE JAMAL GREEN, | No. 12-35985 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00876-BR |
| v. | |
| TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON, a municipal corporation, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted July 8, 2014
Portland, Oregon

Before: PREGERSON, PAEZ, and WATFORD, Circuit Judges.

Plaintiff Calbruce Jamal Green appeals the district court's grant of summary

judgment in favor of Defendant Tri-County Metropolitan Transportation District of

Oregon ("Tri-Met"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

      \* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Green did not raise a genuine issue of material fact as to whether Tri-Met's operators acted with deliberate indifference, as necessary to substantiate his claim for monetary damages[1] under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). To substantiate his claim, Green had to show that a rational trier of fact could find that Tri-Met's operators: (1) had "knowledge that a harm to a federally protected right [was] substantially likely"; and, (2) "fail[ed] to act upon that . . . likelihood." *Id.* at 1139. Tri-Met's operators may have known that Green was mentally impaired and needed accommodation. The undisputed evidence, however, shows they made efforts to communicate effectively with Green. In doing so, they employed many of the communication techniques Green identified as reasonable accommodations. Although the operators could have used additional techniques specified in Tri-Met's training manual, the decision to request assistance from police to remove Green from the bus after their initial attempts were unsuccessful does not amount to deliberate indifference under our precedent.

---

[1] In addition to monetary damages, Green requested "[s]uch other and further relief as the court deems just and proper." At oral argument, Green's counsel suggested that injunctive relief was still a possibility. However, Green did not raise the issue of injunctive relief in the district court and he did not address it in his opening brief on appeal. In these circumstances, the issue is waived.

*See, e.g.*, *Mark H. v. Hamamoto*, 620 F.3d 1090, 1099 (9th Cir. 2010); *Duvall*, 260 F.3d at 1138-41.

**AFFIRMED.**